UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ZIA SHAIKH,

          Plaintiff,

v.

DEBORAH H. SCHRON, *et al.*,

          Defendants.

Civil Action No. 24-8249 (MAS)(TJB)

**MEMORANDUM ORDER**

    This matter comes before the Court upon the renewed In Forma Pauperis ("IFP") Application of Plaintiff Zia Shaikh ("Plaintiff") to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915. (Feb. 2025 IFP Appl., ECF No. 9.) Plaintiff previously filed two applications to proceed IFP (*see* Aug. 2024 IFP Appl., ECF No. 1-1; Sept. 2024 IFP Appl., ECF No. 6), both of which the Court denied based upon Plaintiff's failure to utilize the correct form, provide sufficient information, or comply with the form instructions (*see* ECF Nos. 5, 8). In denying Plaintiff's second application to proceed IFP, this Court made clear that Plaintiff must substantiate and provide "particularized facts relating to his financial status," including information regarding the "2016 transfer of his assets," as Plaintiff alleged his indigency was due to "ALL [his] assets" being granted to "Def'[s] ex-wife," and his professional licenses being revoked. (ECF No. 8; Sep. 2024 IFP Appl. 6.)[1]

    In his renewed IFP application, however, Plaintiff fails to provide sufficient information regarding this alleged asset transfer. Plaintiff again states that on December 20, 2016, "FJOD

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system.

transferred all assets to [his] ex-wife,"[2] and that the "value of [his] transferred assets exceeded $500,000," but he otherwise fails to substantiate these claims or provide further information regarding this asset transfer, such as what assets were transferred, on what basis they were transferred, or where these proceedings occurred. (Feb. 2025 IFP Appl. 2.) While Plaintiff submitted a copy of the final judgment of divorce that was entered on December 20, 2016, the judgment only states that the marriage between Plaintiff and his ex-wife was to be dissolved, and that Plaintiff was to pay child support and alimony in the amounts of $284, and $650 per week, respectively. (*See id.* at 7-8.) The judgment otherwise contains no reference to a transfer of Plaintiff's assets, nor of assets exceeding $500,000 in value. (*See id.*)

"The decision to grant [IFP] status turns on whether an applicant is economically eligible for such status." *Taylor v. Supreme Ct. of N.J.*, 261 F. App'x 399, 400 (3d Cir. 2008) (citation omitted). Based on the record before it, the Court is unable make such a determination. *Thompson v. Van Ness*, No. 23-4205, 2024 WL 5056410, at *3 (D.N.J. Dec. 10, 2024) (denying IFP application due to a "lack of facts" relating to plaintiff's financial situation); *Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2023 WL 5985176, at *2 (D.N.J. Sep. 14, 2023) (internal quotation marks and citation omitted) ("In the IFP application, the plaintiff must state the facts concerning his [] poverty with some degree of particularity, definiteness or certainty.").[3]

Moreover, Plaintiff's renewed application still contains blanks. Specifically, the application contains blanks in questions 1, 5, 6 and 8. (Feb. 2025 IFP Appl. 2-6.) Plaintiff,

---

[2] The Court assumes that by "FJOD," Plaintiff is referring to "Final Judgment of Divorce." (Feb. 2025 IFP Appl. 2.)

[3] The Court notes that Plaintiff's application also contains contradictory statements. For example, Plaintiff contends that "[b]ank records demonstrating zero balances" are attached to his IFP application, (Feb. 2025 IFP Appl. 4), but then later states he has "[n]o bank accounts (documented by sworn affidavit)" (*id.* at 3). Moreover, from the Court's review, neither bank records nor a sworn affidavit are attached to Plaintiff's application. (*See generally id.*)

therefore, again failed to comply with the instructions in filling out the application. (*See* ECF No. 8 (reiterating this requirement); Feb. 2025 IFP Appl. 10 ("Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response.").)

Based on the foregoing,

**IT IS** on this 30th day of April 2025, **ORDERED** that:

1. The Clerk of Court shall reopen this matter for consideration of Plaintiff's renewed IFP Application.

2. Plaintiff's renewed IFP Application (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

3. The Clerk of Court shall close this matter.

4. Within thirty (30) days from the date of this Order, Plaintiff may submit a new IFP Application in the form attached to this Order. Plaintiff's application must include responses to all questions, and complete and particularized facts relating to his financial status, including information regarding the 2016 transfer of his assets. Alternatively, within thirty (30) days from the date of this Order, Plaintiff may pay the $405 fee, which includes the $350 filing fee and the $55 administrative fee, to reopen this case without further action from the Court.

                                                                                                               /s/ Michael A. Shipp
                                                                                       **MICHAEL A. SHIPP**
                                                                                      **UNITED STATES DISTRICT JUDGE**