# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ZIA SHAIKH,

Plaintiff,

v.

DEBORAH H. SCHRON, *et al.*,

Defendants.

Civil Action No. 24-8249 (MAS)(TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon pro se Plaintiff Zia Shaikh's ("Plaintiff"): (1) Motion for Reconsideration of the Court's April 2025 Order (the "Order") denying Plaintiff's third in forma pauperis ("IFP") application without prejudice (the "Motion for Reconsideration");[1] and (2) Motion to Recuse the Undersigned from this action pursuant to 28 U.S.C. § 455 (the "Motion to Recuse").[2] (Mot., ECF No. 11.) Plaintiff filed three applications to proceed IFP in this case, each of which the Court denied for Plaintiff's failure to utilize the correct form, provide sufficient information, or comply with the form instructions. (Aug. 2024 IFP Appl.,

---

[1] Although Plaintiff styled his Motion for Reconsideration as a motion to vacate pursuant to Federal Rule of Civil Procedure 60(b), it is in fact a motion for reconsideration. Plaintiff cannot rely upon Rule 60 to seek relief as no final judgment or order has been issued in this case. *Redmond v. Gill*, 352 F.3d 801, 803 (3d Cir. 2003) (per curiam) ("Ordinarily, an order that . . . denies an [IFP] motion without prejudice is neither final nor appealable."); *see Ibrahim v. United States*, No. 25-1121, 2025 WL 1699541, at *1 (3d Cir. Apr. 18, 2025), *cert. denied*, No. 24-7444, 2025 WL 2824028 (U.S. Oct. 6, 2025) (dismissing appeal of district court's denial of plaintiff's IFP application for lack of appellate jurisdiction which is "limited to reviewing 'final' decisions of district courts"). As a result, the Court construes Plaintiff's motion as a motion for reconsideration. *See Yang v. AstraZeneca*, No. 04-4626, 2005 WL 2095072, at *1 (E.D. Pa. Aug. 29, 2005) (construing plaintiff's motion to vacate as a motion for reconsideration).

[2] Plaintiff filed both motions as a single document. (*See* ECF No. 11.)

ECF No. 1-1; Sep. 2024 Order, ECF No. 5; Sep. 2024 IFP Appl., ECF No. 6; Feb. 2025 Order, ECF No. 8; Feb. 2025 IFP Appl., ECF No. 9; Order, ECF No. 10.)

In denying Plaintiff's third IFP application, the Court noted that Plaintiff again failed to complete the IFP form in full and provide sufficient information regarding his financial status. (Order 1.) The Court observed, among other things, that although Plaintiff alleged in each of his IFP applications that "ALL [his] assets" were transferred to his "ex-wife," Plaintiff failed to substantiate these claims or provide sufficient information regarding this asset transfer, such as what assets were transferred, on what basis they were transferred, or where these proceedings occurred.[3] (*Id.* at 1-2.) The Court further noted that Plaintiff's renewed application still improperly "contain[ed] blanks in questions 1, 5, 6 and 8." (*Id.* at 2.) The Court, accordingly, denied Plaintiff's IFP application without prejudice, and granted Plaintiff thirty days to file a renewed IFP application that supplied the requisite information. (*Id.* at 3.) In lieu of submitting a renewed IFP application, Plaintiff filed the instant motions. (*See generally* Mot.) The Court first addresses Plaintiff's Motion for Reconsideration, followed by Plaintiff's Motion to Recuse.

Plaintiff seeks reconsideration of the Order on the grounds that the Court overlooked his "sworn affidavit" and the "CPA forensic audit" that he submitted in support of his application. (Mot. 2.) "The purpose of [a] motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Because federal courts have a strong interest in the finality of their judgments, motions for reconsideration will be granted sparingly. *See No. River Ins. Co. v. CIGNA Reinsurance Co.*, 52

---

[3] For example, the Court noted that while Plaintiff provided a copy of the final judgment of divorce that was entered in December 2016, the final judgment only stated that Plaintiff was to pay child support and alimony in the amounts of $284, and $650 per week, respectively, but did not otherwise reference any transfer of assets. (Order 1-2; Feb. 2025 IFP Appl. 2, 7-8.)

F.3d 1194, 1218 (3d Cir. 1995); *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A district court will grant a party's motion for reconsideration in only three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. *No. River Ins. Co.*, 52 F.3d at 1218; *see Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894 (D.N.J. May 21, 2004). Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision. *Rega v. Armstrong*, No. 08-0156, 2016 WL 4945322, at *2 (W.D. Pa. Sept. 16, 2016).

Plaintiff's instant Motion for Reconsideration is entirely without merit. Plaintiff does not point to any new evidence, intervening change in controlling law, or clear error of law that would warrant reconsideration of the Court's Order. *See No. River Ins. Co.*, 52 F.3d at 1218. Moreover, Plaintiff's "[d]issatisfaction with the Court's ruling is not a proper basis for reconsideration." *Roofers Loc. No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011). The Court nonetheless notes that it previously considered all documents Plaintiff submitted in support of his IFP application, including his affidavit, and found that they failed to set forth particularized facts regarding the asset transfer that

Plaintiff alleges depleted his assets.[4] (*See generally* Order.) The Court's prior conclusions were not erroneous, and as such, Plaintiff's Motion for Reconsideration is denied.[5]

Plaintiff's Motion to Recuse is similarly without merit and fares no better. Under 28 U.S.C. § 455(a), "[a]ny . . . judge of the United States" must be disqualified "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one. *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). Under this statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Plaintiff does not identify any extrajudicial conduct that suggests the Undersigned is biased or would be prejudiced against Plaintiff. Additionally, Plaintiff does not point to any conduct indicating a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. The basis of Plaintiff's Motion to Recuse is that Plaintiff commenced a lawsuit in the District of Columbia against the Undersigned and other state and

---

[4] Plaintiff's affidavit, for example, only states that he is "unable to pay the costs of these proceedings," but provides no details regarding what assets were transferred in 2016, on what basis, or where these proceedings occurred. (Feb. 2025 IFP Appl. 1.)

[5] Plaintiff also contends that the Order "violates binding Supreme Court precedent," and cites four cases in support: *Griffin v. Illinois*, 351 U.S. 12 (1956), *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), *Boddie v. Connecticut*, 401 U.S. 371 (1971), and *Adkins v. E.I. DuPont*, 335 U.S. 331 (1948). (Mot. 3.) Plaintiff's argument is unavailing. As a threshold matter, Plaintiff merely summarizes the holding of each of these cases, and fails to explain how the Order conflicts with any of them. (*See id.*); *Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017) (noting that it is not "the responsibility of . . . the District Court . . . to make the parties' arguments for them.") Moreover, upon an independent review of these authorities, the Court finds that its ruling is consistent with their holdings and finds no legal error in its ruling.

federal judges, in which he alleges that the Undersigned and other actors formed an enterprise to unlawfully detain him, seize his assets, revoke his professional licenses, prevent him from contacting his children, and commit federal crimes such as wire fraud and obstruction of justice.[6] (*See* ECF No. 1, Case No. 25-1952; ECF No. 1, Case No. 25-1638.) Notwithstanding the frivolous nature of Plaintiff's claims against the Undersigned,[7] the filing of a suit against a judge by a litigant "is not a sufficient reason for recusal." *United States v. Ward*, 760 F. Supp. 2d 480, 484 (D.N.J. 2011) (citing *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006)). Indeed, a rule requiring disqualification in such circumstances would produce absurd results, as litigants would be permitted to "shop" for judges simply by filing a complaint against those they view unfavorably. *See Azubuko*, 443 F.3d at 304. Finally, the Court finds no other indication of impartiality or bias by the Undersigned that amounts to a reason for recusal. The Undersigned, accordingly, will not recuse himself from this action.[8]

---

[6] The case that Plaintiff commenced against the Undersigned was subsequently transferred to the District of New Jersey and consolidated with another lawsuit that Plaintiff commenced against two other federal judges. *See generally Shaikh v. Kirsch, et al.*, No. 25-1952, 2025 WL 1367566 (D.N.J. Mar. 14, 2025).

[7] Plaintiff's claims against the Undersigned were dismissed as "wholly conclusory" and devoid of "sufficient factual matter" to make them plausible. *See* Order, *Shaikh v. Kirsch, et al.*, No. 25-1638 (D.N.J. May 12, 2025), ECF No. 8 (dismissing Plaintiff's claims and noting that the complaints were "the latest examples of [Plaintiff's] 'steadfast, unrelenting refusal to accept the results of his divorce proceedings or to heed the clear, repeated signal sent by multiple courts' decisions dismissing his various lawsuits'").

[8] Plaintiff is further cautioned that the submission of frivolous motions in this matter may prompt this Court to issue an injunction or sanctions in the future. *See* Order, *Shaikh v. Kirsch, et al.*, No. 25-1638 (D.N.J. July 1, 2025) (ordering the Clerk's Office in the District of New Jersey "not to accept any filings or filing fees submitted by [Plaintiff] in this matter without [the] approval of a District Judge" in light of Plaintiff's "various vexatious, unsuccessful lawsuits that have wasted the time and resources of the Court").

Based on the foregoing,

**IT IS** on this __30th__ day of __October__ 2025, **ORDERED** that:

1.  Plaintiff's Motion for Reconsideration of the Court's April 2025 Order (ECF No. 11) is **DENIED**.

2.  Plaintiff's Motion to Recuse the Undersigned (ECF No. 11) is **DENIED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6